UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-1089 |
| ) | Judge Trauger |
| CHERRY LINDAMOOD, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

**I. INTRODUCTION
AND
BACKGROUND**

The petitioner, proceeding *pro se* and *in forma pauperis*, is a prisoner in the South Central Correctional Facility in Clifton, Tennessee. He brings this action under 28 U.S.C. § 2254, naming Cherry Lindamood, Warden at the South Central Correctional Facility, as the respondent.

On August 23, 2001, the petitioner was convicted in the Davidson County Criminal Court of aggravated burglary, robbery, misdemeanor theft, attempted rape, aggravated kidnapping, and two counts of rape. (Add. 1, p. 60)[1] The crimes were committed against 82-year-old Jean Robinson in her home on the morning of September 9, 2000. (Add. 1, pp. 64-70) The trial court sentenced the petitioner to an effective sentence of thirty-four years in the Tennessee Department of Correction. (Add. 1, pp. 61, 63-68)

The petitioner appealed. (Add. 1, p. 73) He raised the following six issues in the Tennessee Court of Criminal Appeals ("Court of Criminal Appeals"):

>   1)   Whether the trial court erred in denying the
        petitioner's motion to suppress his statements to the

---

[1] The record of proceedings in state court were filed as addenda to Docket Entry No. 10.

                    police;

2)      Whether the trial court erred in allowing a police officer to give his opinion as to the length of time a fingerprint can be lifted from a surface;

3)      Whether the trial court erred in permitting hearsay testimony that the victim told the police that one of three photographs shown to her in a photographic lineup, including the defendant's photograph, depicted her assailant;

4)      Whether the trial court erred in denying defense counsel's motion for a mistrial when the prosecutor commented during closing argument that the defendant did not testify;

5)      Whether the evidence was sufficient to support a finding by a rational trier of fact that the petitioner was guilty beyond a reasonable doubt on all counts;

6)      Whether the petitioner's conviction for aggravated kidnapping violated due process because the offense was essentially incidental to the offenses of robbery, theft, rape, and attempted rape.

7)      Whether the trial court instructed the jury properly concerning lesser included offenses; and

8)      Whether the petitioner's sentences were excessive.

(Add. 3, p. 2; Add. 5, p. 1)[2] The Court of Criminal Appeals affirmed the petitioner's convictions for aggravated burglary, attempted rape, aggravated kidnapping, and misdemeanor theft, as well as the twenty-two-year sentence for these convictions. (Add. 5, p. 20) However, the Court of Criminal Appeals reversed the petitioner's convictions for robbery and rape and remanded those convictions for a new trial.[3] (Add. 5, p. 20) The Tennessee Supreme Court denied the petitioner's application

---

[2] In his brief, the petitioner identified only issues 1) through 6) above as those being raised on direct appeal. However, in its opinion, the Court of Criminal Appeals addressed issues 7) and 8) as well.

[3] It cannot be determined from the record before the court whether the petitioner was re-tried for these offenses.

2

for permission to appeal on August 25, 2003. (Add. 14) The petitioner did not seek a writ of *certiorari* in the United States Supreme Court.

The petitioner filed a petition for state post-conviction relief on June 22, 2004, a first amended petition for post-conviction relief on September 23, 2004, and a second amended petition on November 23, 2004. (Add. 8, pp. 12-16, 18-28, 54-55) Following an evidentiary hearing on December 15, 2004 (Add. 9), the post-conviction court denied the petitioner's request for post-conviction relief on January 26, 2005 (Add. 8, pp. 57-63).

The petitioner appealed the judgment of the post-conviction court. (Add. 8, p. 64) He raised the following three ineffective assistance claims in the Court of Criminal Appeals:

    1)    Defense counsel failed to properly and adequately investigate and raise all available defenses;

    2)    Defense counsel failed to investigate and interview a person named "Billy" who untied the victim; and

    3)    Defense counsel failed to investigate and subpoena the records from the Nashville General Hospital and Baptist Hospital emergency rooms to prove that the victim was not admitted to nor treated at those hospitals.

(Add. 10, p. 3) The Court of Criminal Appeals affirmed the judgment of the post-conviction court on January 24, 2006 (Add. 12, p. 8), and the Tennessee Supreme Court denied his application for permission to appeal on August 28, 2006 (Add. 7). Once again, the petitioner did not seek a writ of *certiorari* in the United States Supreme Court.

The petitioner brought this action on October 19, 2006. Rule 3(d) – Rules, Section 2254 Cases. He raises the following grounds for relief in the instant proceedings:

    1)    The trial court erred by failing to instruct the jury on theft as a lesser included offense of aggravated burglary (Docket Entry No. 1, pp. 6-9);

3

2) Defense counsel was ineffective for failing to challenge whether the statements made by the petitioner to the police were knowing and voluntary because the waiver form was not completed properly (Docket Entry No. 1, pp. 6, 9-10);

3) Defense counsel was ineffective for failing to object to the lay testimony of a police officer concerning fingerprint analysis (Docket Entry No. 1, pp. 6, 9-10);

4) Defense counsel was ineffective for not objecting to the introduction of a popcorn can into evidence during the defense's case in chief (Docket Entry No. 1, pp. 7, 9-10);

5) Defense counsel was ineffective for failing to request a jury instruction on theft as a lesser included offense of aggravated burglary (Docket Entry No. 1, pp. 7, 9-10);

6) Defense counsel was ineffective for failing to object to the prosecutor's remark to the jury that the petitioner did not testify in his own defense (Docket Entry No. 1, pp. 7, 9-10);

7) Defense counsel was ineffective for failing to advise the petitioner regarding all available defenses (Docket Entry No. 1, pp. 7, 9-10);

8) Defense counsel was ineffective for not properly and adequately investigating and raising all available defenses (Docket Entry No. 1, pp. 7, 9-10);

9) Defense counsel was ineffective for failing to request and obtain a fingerprint expert to contradict the state's fingerprint analysis (Docket Entry No. 1, pp. 7, 9-10); and

10) Defense counsel was ineffective for not investigating and subpoenaing the supervisor of the Baptist Hospital Emergency Room to contradict police testimony concerning how rape victims are handled (Docket Entry No. 1, pp. 7, 9-10).

4

The respondent filed an Answer to the petition on February 15, 2007.[4]  (Docket Entry No. 8)  The petitioner has not filed a reply to the respondent's Answer, nor has he sought an extension of time to do so.

## II. ANALYSIS

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA).  *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977).  Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "unreasonable application" of clearly established federal law differs from an "incorrect application."  *Williams v. Taylor*, 529 U.S. 362, 365 (2000).  Under the former, "a federal *habeas corpus* court may grant relief if the state court identifies the governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  The latter clause is satisfied when a state court "arrives at a conclusion opposite that

---

[4]  The respondent did not file the record of the proceedings in state court until May 7, 2007.

5

reached by [the Supreme] Court on a question of law or . . . decides a case differently than the Court . . . on a set of materially indistinguishable facts." *Id*. at 364-65. Where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). Under the AEDPA, the purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

**A.     Petitioner's Grounds for Relief Other than Ineffective Assistance of Counsel.**

**1.     The Trial Court Erred by Failing to Instruct the Jury on Theft as a Lesser Included Offense of Aggravated Burglary.**

Citing *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999), the petitioner asserts that the trial court's failure to charge the jury with theft as a lesser included offense of aggravated burglary "was error beyond a reasonable doubt." (Docket Entry No. 1, pp. 7-9)  The respondent argues that this claim is procedurally defaulted for purposes of federal *habeas corpus* review. (Docket Entry No. 8, p. 8)

The AEDPA places notable restrictions on a federal court's ability to grant *habeas corpus* relief to state prisoners. First, federal *habeas corpus* courts may only consider claims that a *habeas* petitioner has previously raised before the state courts. *See* 28 U.S.C. § 2254(b); *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). Claims that have not been raised in state court are deemed unexhausted and ordinarily are dismissed, without prejudice, so that the *habeas* petitioner may pursue them in state court. *Alley*, 307 F.3d at 385 (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). However, if the petitioner is barred from raising an unexhausted claim in state court due to a state procedural rule, then that claim is procedurally defaulted for purposes of federal *habeas corpus* review. *See Coleman v. Thompson*, 501 U.S. 722, 752-753 (1991). A claim also is procedurally

6

defaulted where that claim was presented to the state court, but the court, rather than reaching the merits of the claim, relied on an independent and adequate state ground, such as a state procedural rule barring review of the claim, in deciding the issue. *Id.* at 734-735.

If a claim is procedurally defaulted, then federal *habeas corpus* review is prohibited unless the petitioner demonstrates both "cause" <u>and</u> "prejudice" for his failure to raise the claim in state court while state court remedies were available, or that a miscarriage of justice will result if the claim is not reviewed. *Alley*, 307 F.3d at 386; *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable," constitutes "cause" under this standard. *Murray*, 477 U.S. at 488 (citations omitted); *see also Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002)("Cause is shown when the factual basis of the claim was 'reasonably unknown' to the defendant's counsel."). To show "prejudice," default of the claim must not merely have created a possibility of prejudice to the defendant, but it must have "worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison*, 291 F.3d at 388 (citing *United States v. Frady*, 456 U.S. 152, 170-171 (1982)). Finally, to demonstrate a "fundamental miscarriage of justice," a petitioner must show that the alleged constitutional violation probably resulted in the conviction of one who actually is innocent. *Murray*, 477 U.S. at 496. This exception applies only in "extraordinary cases," *Id.*, and requires a petitioner to show that he is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

"These rules apply both to entirely new legal claims and to new factual bases for relief; for a claim to be considered exhausted, the petitioner must have 'fairly presented' to the state courts

7

the 'substance of his federal habeas corpus claim.'" *Alley*, 307 F.3d at 386 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982))(internal citations omitted); *see also Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal courts."). "Although 'bits of evidence' which were not before the state courts will not render a claim unexhausted, where a federal *habeas* petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different posture, the state courts must be given the opportunity to consider the evidence." *Sampson v. Love*, 782 F.2d 53, 57 (6th Cir. 1986)(quoting *Jones v. Hess*, 681 F.2d 688, 691 (10th Cir. 1982)(internal citations omitted)).

A review of the record shows that the petitioner did not raise this claim on direct appeal when he could have.[5] Tennessee's waiver rule in effect when he filed his notice of appeal provided that:

> [a] ground for relief is 'waived' if the petitioner knowingly and understandingly fails to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. There is a rebuttable presumption that a ground for relief not raised in any proceeding that was held was waived.

Tenn. Code Ann. § 37-1-312. Because the petitioner did not raise this claim on direct appeal, this claim is waived under Tennessee law.

In the Sixth Circuit, a four-part analysis is used when the State argues that a federal *habeas corpus* claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First, the court must ascertain whether there is an applicable state procedural rule. *Id*. Second, the court must determine whether the state courts

---

[5] The lesser-included-offense claim addressed by the Court of Criminal Appeals on direct appeal pertained to the robbery and rape charges against the petitioner, not the aggravated burglary charge. (Add. 5, pp. 12-16)

8

actually enforce the rule. *Id.* Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the State can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the criminal defendant did not comply with the rule, the defendant must demonstrate there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.[6] *Id.*

The Sixth Circuit has previously determined that Tennessee's waiver rule constitutes an adequate and independent rule established by state law precluding federal *habeas corpus* relief. *See Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir. 2002)(citing *Cone v. Bell,* 243 F.3d 961, 969 (6th Cir. 2001)). The Sixth Circuit also has determined that Tennessee state courts regularly apply that rule. *Hutchison*, 303 F.3d at 738.

As the first three parts of the Sixth Circuit's four-part analysis have been determined previously, the only question remaining is whether the petitioner has satisfied the fourth part of the inquiry. A plain reading of the petition and supporting documents shows that he has not. Specifically, the petitioner has made no effort to establish cause and prejudice, nor does he argue that he actually is innocent of the crimes for which he was convicted. Consequently, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

Where, as here, a district court denies a ground for relief in a *habeas corpus* action on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[6] The district court may only inquire into whether cause and prejudice exist to excuse default, not into whether the state court properly applied its own law. *Cooey v. Coyle*, 289 F.3d 882, 916 (6th Cir. 2002)(citing *Barnes v. Thompson*, 58 F.3d 971, 974 n. 2 (4th Cir. 1995).

9

constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

A. **Petitioner's Ineffective Assistance of Counsel Claims.**

   1. **Defense counsel Was Ineffective for Failing to Challenge Whether the Statements Made by the Petitioner to the Police Were Knowing and Voluntary Because the Waiver Form Was Not Completed Properly.**[7]

The respondent argues that this claim should be dismissed because it is conclusory, it is procedurally defaulted, and it is factually incorrect. (Docket Entry No. 8, pp. 8-9) Notwithstanding the respondent's arguments that this claim is conclusory and factually incorrect, the record shows that this claim was not raised in the state court prior to being raised in this action. Therefore, it is unexhausted. The next question is whether the claim is procedurally defaulted under Tennessee law.

This ineffective assistance claim should have been raised on post-conviction, but it was not. Tennessee's post-conviction statute, Tenn. Code Ann. § 40-30-102, provides, *inter alia*:

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

---

[7] The petitioner has raised each of his ineffective assistance claims in this action without benefit of argument, reference to the record, or citation to relevant legal authority apart from that to establish his right under the Sixth Amendment to effective assistance of counsel and what he must show under the law to demonstrate that he was deprived of that right. More particularly, the substance of the petitioner's ineffective assistance claims is limited to the single-sentence claims set forth in paragraphs II.A-I, pp. 6-7 of his petition.

10

*Id*. at § (a). The Tennessee post-conviction statute goes on to say that:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117.

*Id*. at § (c). The limited circumstances in Tenn. Code Ann. § 40-30-117 are that:

> (1) The claim in the motion is based un a final ruling of an appellate court establishing a constitutional claim that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which [he] was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . and
>
> (4) It appears the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

*Id.* at §§ (a)(1)-(a)(4).

More than one year has passed since the petitioner's conviction became final at the conclusion of direct review. The petitioner also has filed a petition for state post-conviction relief. Therefore, he may not file another. Finally, none of the limited circumstances that would permit him to reopen his original post-conviction apply. For these reasons, this claim is procedurally defaulted under Tennessee law. The only remaining question is whether this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

11

As previously established, *supra* at pp. 6-8, the district court may not review a procedurally defaulted claim unless the petitioner establishes cause and prejudice for the default, or that he actually is innocent. As explained *supra* at p. 9, the petitioner has done neither. Consequently, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

2. **Defense counsel Was Ineffective for Failing to Object to the Lay Testimony of a Police Officer Concerning Fingerprint Analysis.**

The respondent argues that this claim is procedurally defaulted and, as such, should be dismissed. (Docket Entry No. 8, p. 9) The record shows that this claim was not raised in state court prior to being raised in this action. Accordingly, for the reasons previously stated *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

3. **Defense counsel Was Ineffective for Not Objecting to the Introduction of a Popcorn Can into Evidence During the Defense's Case in Chief.**

The respondent argues that this claim is procedurally defaulted for purposes of federal *habeas corpus* relief and, as such, should be dismissed. (Docket Entry No. 8, p. 9) The record shows that this claim was not raised in state court prior to being raised in this action. Accordingly, for the reasons previously stated *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

12

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

4. **Defense counsel Was Ineffective for Failing to Request a Jury Instruction on Theft as a Lesser Included Offense of Aggravated Burglary.**

The respondent argues that this claim is procedurally defaulted for purposes of federal *habeas corpus* relief and, as such, should be dismissed. (Docket Entry No. 8, p. 9) The record shows that this claim was not raised in state court prior to being raised in this action. Accordingly, for the reasons previously stated *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

5. **Defense counsel Was Ineffective for Failing to Object to the Prosecutor's Remark to the Jury During Closing Argument That the Petitioner Did Not Testify in His Own Defense.**

The respondent argues that this claim is procedurally defaulted for purposes of federal *habeas corpus* relief and, as such, should be dismissed. (Docket Entry No. 8, pp. 9-10) The record shows that this claim was not raised in state court prior to being raised in this action. Accordingly, for the reasons previously stated *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

6. **Defense counsel Was Ineffective for Failing to Advise the Petitioner Regarding All Available Defenses.**

13

The respondent argues that this claim is procedurally defaulted for purposes of federal *habeas corpus* relief and, as such, should be dismissed. (Docket Entry No. 8, pp. 10-11) The record shows that this claim was not raised in state court prior to being raised in this action. Accordingly, for the reasons previously stated *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

### 7. Defense counsel Was Ineffective for Not Properly and Adequately Investigating and Raising All Available Defenses.

The respondent argues that this claim is conclusory. (Docket Entry No. 8, p. 11) The respondent also argues that this claim was "adjudicated by the state courts" and that the Court of Criminal Appeals "found that counsel's performance well within the range of reasonable professional assistance." (Docket Entry No. 8, p. 11)

The record shows that the petitioner exhausted this claim in the state courts prior to raising it in the instant proceedings. However, as previously noted *supra* at p. 10 n. 7, the petitioner has not provided any argument, reference to the record, or citation to relevant legal authority in support of this claim in this action. The Sixth Circuit has held that conclusory allegations, without supporting factual allegations or evidentiary support, do not provide a basis for *habeas corpus* relief. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Because this ground for relief is conclusory, the petitioner is not entitled to *habeas corpus* relief on this claim.

The respondent also is correct when she argues that the state courts reviewed this issue on the merits and determined that the petitioner did not receive ineffective assistance of counsel. Specifically, the petitioner argued on post-conviction that defense counsel was ineffective because

he "did not adequately investigate a witness by the name of Billy.'" (Add. 10, p. 15)

To prevail on a claim of ineffective assistance of counsel, a *habeas* petitioner must show deficient performance and prejudice. *See Bell*, 535 U.S. at 694-95. Defense counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Id.* at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Both the post-conviction court and the Court of Criminal Appeals identified *Strickland* as controlling in those instances where ineffective assistance of counsel is alleged. (Add. 8, p. 59; Add. 12, pp. 5-6) The post-conviction court accredited defense counsel's testimony at the post-conviction evidentiary hearing that "attempts by himself and an office investigator to find 'Billy'" were unsuccessful. (Add. 8, p. 61) On appeal, the Court of Criminal Appeals wrote:

> Based on our review of the record, we conclude that the Petitioner has not demonstrated that Counsel failed to conduct a reasonable investigation of the case. Counsel testified that he utilized the assistance of the chief investigator from the Public Defender's Office when trying to Locate 'Billy.' The post-conviction court accredited Counsel's testimony, and we will not question the credibility findings made by the post-conviction court. Although Petitioner alleges that 'Billy's' testimony would have supported the defense theory that the Petitioner was not the perpetrator of the offense and that 'Billy' was the actual perpetrator, the Petitioner has provided no evidence to support this speculation. At his post-conviction hearing, the Petitioner failed to produce the witness who he claims Counsel failed to investigate and interview. He did not present any testimony or affidavits from this witness. The petitioner provided no evidence to

15

> describe the testimony that he expected to receive from the witness who he alleges Counsel failed to call. Therefore, as a matter of law, this Court cannot speculate or guess as to what this witness's testimony might have been. . . .

(Add. 12, p. 7)

The record supports the state courts' rulings on this claim. (Add. 9, pp. 28, 54-55) Therefore, this court finds that the state courts' determinations of these claims were neither contrary to nor an unreasonable application of clearly established federal law. The court also finds that the state courts' factual determinations with respect to this claim is entitled to the presumption of correctness. *See Abdur'Rahman v. Bell*, 226 F.3d 696, 702-703 (6th Cir. 2002)(the state courts' findings of fact underlying their ineffectiveness inquiry are entitled to the presumption of correctness).

For the reasons stated above, the court finds that the petitioner is not entitled to federal *habeas corpus* relief on this ground.

### Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Because the petitioner has not made a substantial showing of a denial of a constitutional right, a COA will not issue on this claim.

**8.  Defense counsel Was Ineffective for Failing to Request and Obtain a Fingerprint Expert to Contradict the State's Fingerprint Analysis.**

The respondent argues that this claim is procedurally defaulted for purposes of federal

16

*habeas corpus* relief and, as such, should be dismissed.[8] (Docket Entry No. 8, p. 11) The record shows that this claim was not raised in state court prior to being raised in this action. Accordingly, for the reasons previously stated *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

The court finds that jurists of reason would not find it debatable that the court is correct in its procedural ruling on this claim. Accordingly, a COA will not issue on this claim.

9. **Defense counsel Was Ineffective for Not Investigating and Subpoenaing the Supervisor of the Baptist Hospital Emergency Room to Contradict Police Testimony Concerning How Rape Victims Are Handled.**

The respondent argues that this claim is conclusory. (Docket Entry No. 8, pp. 11-12) The respondent also argues that this claim was "adjudicated by the state courts" and that the petitioner "has failed to establish that the decision of the state court was contrary to, or an unreasonable application of, existing Supreme Court precedent." (Docket Entry No. 8, pp. 11-12)

Apart from the single-sentence claim above, the petitioner does not support this claim with argument, references to the record, or citations to relevant legal authority. Therefore, for the reasons previously stated, *supra* at p. 14, this claim is conclusory and, as such, it does not constitute grounds for federal *habeas corpus* relief.

Notwithstanding the respondent's argument on the merits to the contrary, the court finds that this claim is procedurally defaulted for purposes of federal *habeas corpus* review. The claim presently before the court is that defense counsel was ineffective for not investigating and

---

[8] Citing the transcript of the post-conviction evidentiary hearing, the respondent also argues that the defense did have the services of a fingerprint expert prior to trial. In its Order denying the petitioner's request for post-conviction relief, the post-conviction court confirms that defense counsel sought and obtained the services of a fingerprint expert, Mr. Robert Whritenour, but that the defense did not call Mr. Whritenour as a witness at trial for "tactical" reasons. (Add. 8, p. 61)

17

subpoenaing the supervisor of the Baptist Hospital emergency room for the purpose of contradicting prosecution testimony "concerning the handling of rape victims." (Docket Entry No. 1, p. 7) On post-conviction, the specific issue was whether defense counsel was ineffective for not investigating and subpoenaing emergency room records to "prove that the victim was never admitted or treated at the hospital." This is not the same thing as investigating and subpoenaing evidence to show how rape victims are treated generally. For the reasons previously explained, *supra* at pp. 6-8, 10-12, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

Even assuming for the sake of argument that the petitioner's claim in this action is the same as that raised on post-conviction, his claim is without merit as the respondent argues. In its Order denying the petitioner's request for post-conviction relief, the post-conviction court noted that "no rape kit was ever conducted on the victim. Thus, the testimony from the [emergency room] supervisor was not warranted." (Docket Entry No. 8, p. 62) In its opinion on appeal from the judgment of the post-conviction court, the Court of Criminal Appeals wrote:

> In our view, the absence of evidence regarding whether or not the victim was a patient at either Baptist Hospital or General Hospital does not undermine our confidence in the outcome of the Petitioner's trial. This Court found on direct appeal that "[t]he only proof of sexual penetration in this case was the victim's testimony. There was no corroborative proof of any sort. The victim did not seek medical attention after the attack." The introduction of any evidence from the records at Baptist Hospital or General Hospital would not necessarily have contradicted the victim's testimony. The petitioner's defense at trial was that he was not the perpetrator of the crimes against the elderly victim. Counsel's actions regarding the medical records from Baptist Hospital and General Hospital was in no way deficient and any alleged failure to obtain such records did not affect the outcome of Petitioner's trial. . . .

(Add. 12, p. 8)(internal citation omitted)

The transcript of the trial supports the rulings of the post-conviction court and the Court of Criminal Appeals. Specifically, testimony of the prosecution's witness at trial clearly established

18

that a rape kit was not administered to the victim, and that the victim did not seek medical attention following the assault. (Add. 2, Vol. 6, pp. 336-337, 343) Thus, defense counsel's representation cannot have been deficient, nor the petitioner prejudiced, because defense counsel did not investigate and produce additional evidence to support facts that the prosecution admitted at trial.

For the reasons stated above, the court finds that the petitioner is not entitled to federal *habeas corpus* relief on this ground.

### Certificate of Appealability

Because the petitioner has not made a substantial showing of a denial of a constitutional right, a COA will not issue on this claim.

### III. CONCLUSION

For the reasons explained herein, the petitioner's petition for federal *habeas corpus* relief will be denied, this action will be dismissed, and a COA will not issue as to any of the petitioner's grounds for relief. An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge

19